1
2
3
4
5
6

BLANK ROME LLP
Mark S. Greenfield (SBN 61344)
Greenfield@BlankRome.com
Cheryl S. Chang (SBN 237098)
Chang@BlankRome.com
Jessica A. McElroy (SBN 299919)
JMcElroy@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:   424.239.3400
Facsimile:    424.239.3434

7
8

Attorneys for Plaintiff
GLOBAL FOOD INNOVATIONS, INC.

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

11

12

13

14
15
16
17
18
19
20
21
22
23
24

GLOBAL FOOD INNOVATIONS, INC., a
Delaware Corporation,

                                    Plaintiff,

        vs.

WESTERN PROPERTY MANAGEMENT,
LLC, a Nevada limited liability company;
MARC MIRO, an individual; JACK WISE,
an individual; JEFFREY COVEY, an
individual; GERALD NORMAN, an
individual; JAMES TERAN, an individual;
GOLD FOODS, INC., a Delaware
corporation; COMMERCIAL
INTERNATIONAL CORPORATION, a
Delaware corporation; MICRO-TENDER
INDUSTRIES, INC., a Delaware
corporation; and DOES 1 through 10,
inclusive,

                                    Defendants.

25
26

And Related Counterclaim.

Case No. 2:15-cv-00881-FMO-AGR

**PLAINTIFF GLOBAL FOOD
INNOVATIONS, INC.'S NOTICE
OF MOTION AND MOTION TO
DISMISS DEFENDANT MICRO-
TENDER'S COUNTERCLAIM**

[Fed. R. Civ. Proc. 12(b)(6)]

Date:        July 30, 2015
Time:        10:00 a.m.
Place:       Courtroom 22 (5th Floor)
Judge:       Hon. Fernando M. Olguin

Complaint Filed:  February 6, 2015
FAC Filed:          April 24, 2015
Trial Date:          May 17, 2016

*[Filed Concurrently with Request For
Judicial Notice; Declaration of Cheryl
S. Chang; and Proposed Order]*

27

28

1  TO THIS HONORABLE COURT, AND ALL PARTIES AND THEIR

2  ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that on July 30, 2015 at 10:00 a.m. or as soon

4  thereafter as the matter may be heard in Courtroom 22 of the above-entitled Court,

5  located at 312 North Spring Street, Los Angeles, CA 90012-4701, plaintiff and

6  counterdefendant Global Food Innovations, Inc. ("GFI") will and hereby does move

7  this Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) to dismiss the

8  counterclaim ("Counterclaim") filed by defendant and counterclaimant Micro-Tender

9  Industries, Inc. ("Micro-Tender") on the grounds that Micro-Tender has failed to

10 plead facts sufficient to state a claim upon which relief can be granted as to its single

11 claim for breach of contract against GFI.

12     This motion is based upon this Notice of Motion and Motion, the accompanying

13 Memorandum of Points and Authorities all filed concurrently herewith, the Request

14 For Judicial Notice, the pleadings and papers on file in this action, and upon such

15 other oral argument and/or documentary matters as may be presented to this Court at

16 or before the hearing on this Motion.

17     Pursuant to L.R. 7-3, counsel for GFI requested a conference of counsel prior to

18 filing this Motion by telephoning counsel for Micro-Tender at his office three times

19 and emailing him twice on June 18, 2015.  Counsel for Micro-Tender refused to

20 conduct the conference of counsel, and refused to return GFI's counsel's call,

21 claiming that the request for the conference was untimely.  However, counsel for GFI

22 and counsel for Micro-Tender had discussed a proposed mutual dismissal and tolling

23 agreement on June 8, 2015.  Counsel for Micro-Tender assured counsel for GFI that

24 he would respond to the proposal by the end of that week. Counsel for Micro-Tender

25 did not respond to that proposal thereby necessitating the filing of this Motion while

26 Micro-Tender's motion to disqualify ("Motion to Disqualify") GFI's counsel remains

27 pending. [Dkt. No. 53]  To date, Micro-Tender's counsel has not responded to the

28 proposal or agreed to meet and confer regarding this Motion. *See* Declaration of

1   Cheryl S. Chang ("Chang Decl.") at ¶¶2-3, Exs. A-B. As a result of Micro-Tender's

2   refusal to participate in the conference of counsel, the parties have been prevented

3   from discussing the substance of this Motion or any potential resolution.  *Id.* at ¶4.

4

5   DATED:  June 22, 2015                BLANK ROME LLP

6

7                                        By:/s/ Cheryl S. Chang

8                                            Mark S. Greenfield
                                             Cheryl S. Chang
                                             Jessica A. McElroy
9                                        Attorneys for Plaintiff
                                         GLOBAL FOOD INNOVATIONS, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................ 1

II.    STATEMENT OF RELEVANT ALLEGATIONS AND PROCEDURAL
       HISTORY .......................................................................... 2

III.   LEGAL ARGUMENT ......................................................... 4

       A.   Standard for Pleading Under FRCP 12(b)(6) ................ 4

       B.   The Incorporation By Reference Doctrine Allows the Court to
            Consider the USPTO Records For the Very Patents Upon Which
            Micro-Tender Bases Its Breach of Contract Claim On a 12(b)(6)
            Motion ...................................................................... 6

       C.   Micro-Tender's Single Claim for Breach of Contract Against GFI
            Fails As There Is No Existing Agreement For Which Micro-
            Tender Is Entitled To Royalties ................................... 8

IV.    CONCLUSION ................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Afato v. Clinton*,
  2010 U.S. Dist. LEXIS 53973 (E.D. Cal. June 2, 2010) ........................................5

*Albrecht v. Lund*,
  845 F.2d 193 (9th Cir. 1988) .................................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................4, 5

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
  459 U.S. 519 (1983)................................................5

*Baxter v. Intelius, Inc.*,
  No. SACV09-1031, 2010 U.S. Dist. LEXIS 104218 (C.D. Cal. Sept. 16,
  2010) ........................................6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................4

*Branch v. Tunnell*,
  14 F. 3d 449, 454 (9th Cir. 1994) ........................................6

*Brulotte v. Thys Co.*,
  379 U. S. 29 (1964)................................................8

*Coto Settlement v. Eisenberg*,
  593 F.3d 1031 (9th Cir. 2010) ........................................6

*DeVaughn v. County of Los Angeles*,
  2011 U.S. Dist. LEXIS 151832 (2011) ........................................5

*Kimble et al. v. Marvel Enterprises Inc.*,
  576 U.S. _____, No. 13-720 (U.S. June 22, 2015)........................................2, 8

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ........................................6

*Mammoth Lakes Land Acquisition, LLC v. Town of Mammoth Lakes*,
  191 Cal. App. 4th 435 (2011) ........................................8

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1998) ................................................................... 7

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192 (3rd Cir. 1993) ................................................................ 6

*Said v. Encore Senior Living LLC*,
    EDCV 11-01033, 2012 U.S. Dist. LEXIS 23944 (C.D. Cal. Feb. 24, 2012) .........
    ......................................................................................................... 6, 7, 8

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ................................................................... 5

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ................................................................... 5

*Telesaurus VPC, LLC v. Power*,
    623 F.3d 998 (9th Cir. 2010) ................................................................... 5

*Watermark Granite La Quinta, LLC v. American International Specialty Lines Ins. Co.*,
    No. 10cv1011-L, 2011 U.S. Dist. LEXIS 54835 (S.D. Cal. May 23, 2011) ........ 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ...................................................................................... 4

Fed R. Civ. P. 12(b)(6) ............................................................................ 4, 6, 7

L.R. 7-3 ................................................................................................... 2, 4

## I.     INTRODUCTION

This case is about the wrongful conversion of, and related schemes to convert, funds belonging to plaintiff Global Food Innovations, Inc. ("GFI") by certain of its directors, officers, and key employees, including defendant James Teran ("Teran") personally and through his company, defendant Micro-Tender Industries, Inc. ("Micro-Tender").

In an effort to divert attention away from Teran and Micro-Tender's theft and bad acts, on May 14, 2015, Micro-Tender filed a meritless motion to disqualify ("Motion to Disqualify") GFI's counsel *despite the fact that GFI agreed to dismiss* Micro-Tender from the case on May 11, 2015.[1]  At the same time, Micro-Tender filed a counterclaim ("Counterclaim") against GFI alleging a single defective and unlawful breach of contract claim that seeks damages for four royalty payments purportedly due between February and May 2015.  However, the underlying license agreement ("License Agreement") upon which Micro-Tender bases its claim for royalties terminated, by its own terms, as admitted by Micro-Tender, on December 12, 2012. Moreover, as the U.S. Supreme Court just affirmed *this morning* in *Kimble et al. v. Marvel Enterprises Inc.,* 576 U.S. ___, No. 13-720, slip op. at pg. 4-5 (U.S. June 22, 2015), a post-patent royalty provision in a license agreement is *per se unlawful* because it continues the patent monopoly beyond the patent period and in so doing, conflicts the patent law's policy of establishing a post-expiration public domain. Accordingly, not only is the underlying License Agreement that serves as the basis for Micro-Tender's Counterclaim expired and ineffective, it is simply *illegal* and void.

Specifically, as alleged in the Counterclaim,[2] the License Agreement expires when the last of the five patents licensed in the License Agreement expire.  As the

---

[1] Importantly, while Micro-Tender asserts in its Motion to Disqualify that GFI's counsel should be disqualified from representing GFI against Micro-Tender in this case, Micro-Tender has repeatedly declined offers from GFI to stipulate to extend GFI's response date to the Counterclaim until after July 9, 2015.
[2] For the purpose of this Motion, Defendants will assume as true the facts alleged in Plaintiff's Complaint, including the content of exhibits attached.

1   judicially noticeable records of the United States Patent and Trademark Office reflect,

2   the last of the patents in the License Agreement expired on December 12, 2012.

3   Accordingly, the License Agreement expired, and all obligations to pay royalty

4   payments terminated, on December 12, 2012.  As such, Micro-Tender's entire claim is

5   premised on a royalty payments for an illegal License Agreement that has not been in

6   existence for over two years.

7       As Micro-Tender's own allegations and exhibits to the Counterclaim confirm

8   that there is no existing lawful agreement upon which to base its breach of contract

9   claim, and no further amendment could alter or plead around these admissions, Micro-

10  Tender's Counterclaim should be dismissed without leave to amend.

11  **II.    STATEMENT OF RELEVANT ALLEGATIONS AND PROCEDURAL**

12  **HISTORY**

13      On February 6, 2015, GFI filed its complaint for, *inter alia*, breach of contract

14  against Micro-Tender.  [Dkt No. 1].  The breach of contract claim asserts that on April

15  30, 2014, GFI and Micro-Tender entered into the License Agreement whereby GFI

16  licensed five patents from Micro-Tender.  GFI alleged that while the License

17  Agreement required Micro-Tender to pay various maintenance fees for the patents,

18  Micro-Tender failed to do so, and allowed the patents to each expire.  However,

19  despite the invalidity of the patents, Micro-Tender continued to charge and receive

20  royalty payments from GFI.  On April 24, 2015, GFI filed its first amended complaint

21  ("FAC").  [Dkt. No. 45]

22      In response, on May 5, 2015, counsel for Micro-Tender requested a meet and

23  confer pursuant to L.R. 7-3 to discuss Micro-Tender's anticipated Motion to

24  Disqualify and motion to dismiss the FAC.  *See* Declaration of Cheryl S. Chang

25  ("Chang Decl.") at ¶8.  On May 11, 2015, GFI advised Micro-Tender that it would be

26  dismissing Micro-Tender from the FAC without prejudice.  *Id.* at ¶9.  However,

27  Micro-Tender proceeded with filing the Motion to Disqualify, and instead of filing a

28  motion to dismiss the FAC, oddly filed an answer and the Counterclaim.  [Dkt. Nos.

**PLAINTIFF GFI'S MOTION TO DISMISS DEFENDANT MICRO-TENDER'S COUNTERCLAIM**

52-53].  The Motion to Disqualify is currently scheduled to be heard on July 9, 2015. [Dkt. No. 68].

In its Counterclaim, Micro-Tender alleges that the License Agreement licensed five patents from Micro-Tender to GFI: US5512015 A (microwavable meat tenderization), US6814989 B2 (pork tenderization), US6537598 B1 (beef tenderization), US20030118693 A1 (chicken tenderization), US7250184 (meat tenderization) (the "Licensed Patents").  *See* Counterclaim at ¶5. Micro-Tender further alleges that under the License Agreement, GFI is required to pay royalty payments of $20,000 per month from January 1, 2006 until the License Agreement expires.  *Id.* at ¶¶6-7.  Micro-Tender then alleges that GFI has not made royalty payments due for February, March, April or May 2015 under the License Agreement.  *Id.* at ¶10.  Yet, oddly, the Counterclaim also admits that the License Agreement expires upon "termination of the Agreement or the expiration of the last to expire of the Licensed Patents."  *Id.* at ¶8.

Micro-Tender then misleadingly alleges that "Patent No. US6814989 B2 has not expired," and that Micro-Tender is "informed and believes that an application to revive Patent No. US 7250184 has been filed."  *Id.*  Both allegations are directly contradicted by the publicly available records of the USPTO that reveal that Patent No. US6814989 B2 expired on December 12, 2012 for failure to pay maintenance fees[3] and the application to revive Patent No. US 7250184, which expired on August 29, 2011, was denied on January 26, 2015.  *See* GFI's Request for Judicial Notice ("RJN") at ¶¶1-2 Exs. 1-2. Accordingly, the License Agreement terminated on December 12, 2012, and Micro-Tender is not only unable to state a claim for breach of contract, given no contract exists entitling it to royalty payments in 2015, but it is subject to damages for falsely collecting royalty payments on an otherwise terminated and unlawful License Agreement.

---

[3] While an application to revive the application was granted in October 7, 2014, it does not alter the fact that the patent expired on December 10, 2012 and thereby terminated the License Agreement.

**PLAINTIFF GFI'S MOTION TO DISMISS DEFENDANT MICRO-TENDER'S COUNTERCLAIM**

1      On June 8, 2015, counsel for GFI reached out to counsel for Micro-Tender, and

2   in light of the pending Motion to Disqualify, and to avoid unnecessary motion

3   practice, asked Micro-Tender to stipulate to a mutual dismissal of the claims between

4   the parties and to enter into a tolling agreement.  *See* Chang Decl. at ¶2.  Counsel for

5   Micro-Tender indicated he would respond to the proposal by the end of the week.

6   However, Micro-Tender never responded.  *Id.* Therefore, on June 18, 2015, GFI

7   requested a L.R. 7-3 conference of counsel to discuss this anticipated Motion.  GFI's

8   counsel called Micro-Tender's counsel three times and emailed him several times.  *Id.*

9   at ¶2.  Counsel refused to speak on the phone and instead emailed to respond that he

10   would not agree to confer pursuant to LR 7-3 because he considered the request to be

11   untimely.  *Id.*  To date, Micro-Tender refuses and continues to refuse to meet and

12   confer in any manner regarding this Motion and has not responded to GFI's proposal

13   that the parties mutually dismiss their claims and enter into a tolling agreement. It has

14   also rejected the proposal to postpone GFI's response deadline for the Counterclaim

15   until after the July 9, 2015 hearing on the Motion to Disqualify.  *Id.* at ¶¶3-5.

16   Therefore, GFI is required to bring this Motion and seek dismissal of Micro-Tender's

17   defective claim which appears to have been filed for no other purpose than to press

18   Micro-Tender's baseless Motion to Disqualify.

19   **III.   LEGAL ARGUMENT**

20          **A.    Standard for Pleading Under FRCP 12(b)(6)**

21      A court is required to dismiss a complaint when the allegations of the complaint

22   fail to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  While

23   Rule 8 requires only a "short and plain statement of the claim showing that the pleader

24   is entitled to relief," Fed.R.Civ.P. 8, the complaint must allege "sufficient factual

25   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

26   *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

27   550 U.S. 544, 570 (2007)).  Plausibility does not equate to probability, but it requires

28   "more than a sheer possibility that a defendant has acted unlawfully.' *Iqbal*, 556 U.S.

1    at 678.    A claim has facial plausibility when the pleaded factual content allows the

2    court to draw the reasonable inference that the defendant is liable for the misconduct

3    alleged." *Id.* at 1940.  It is not appropriate or permissible to "assume that the plaintiff

4    'can prove facts which [he] has not alleged or that the defendants have violated the

5    …laws [or breached contracts] in ways that have not been alleged." *Afato v. Clinton*,

6    2010 U.S. Dist. LEXIS 53973, at *8 (E.D. Cal. June 2, 2010) (citing *Associated Gen.*

7    *Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526

8    (1983)).

9         A court should not accept "threadbare recitals of a cause of action's elements,

10   supported by merely conclusory, unwarranted deductions of fact, or unreasonable

11   inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

12        Furthermore, "[a] district court may deny a plaintiff leave to amend if it

13   determines that allegation of other facts consistent with the challenged pleading could

14   not possibly cure the deficiency . . . or if the plaintiff had several opportunities to

15   amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC*

16   *v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). A claim may be dismissed with

17   prejudice if "amendment would be futile.*" Swartz v. KPMG LLP*, 476 F.3d 756, 761

18   (9th Cir. 2007) (citing *Albrecht v. Lund*, 845 F.2d 193, 197 (9th Cir. 1988)).

19   Moreover, where multiple amendments have been filed, the court may strike an

20   amended pleading that does not comply with the order granting leave to amend. *See*

21   *DeVaughn v. County of Los Angeles*, 2011 U.S. Dist. LEXIS 151832 (2011)

22   ("Because the Second Amended Complaint did not comply with the Court's order

23   granting leave, the Court struck the Second Amended Complaint.")

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

**B.**   **The Incorporation By Reference Doctrine Allows the Court to Consider the USPTO Records For the Very Patents Upon Which Micro-Tender Bases Its Breach of Contract Claim On a 12(b)(6) Motion**

Pursuant to governing federal law, if a plaintiff fails to attach to the complaint a document on which it is based, defendant may attach such documents to a Rule 12(b)(6) motion to show that they do not support plaintiff's claims. *Branch v. Tunnell,* 14 F. 3d 449, 454 (9th Cir. 1994) (*overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F. 3d 1119, 1127 (9th Cir. 2002)). This prevents "a plaintiff with a legally deficient claim [from surviving] a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993). This "incorporation by reference" doctrine allows the court to look beyond the pleadings without converting the 12(b)(6) motion into a motion for summary judgment. *Knievel v. ESPN,* 393 F.3d 1068, 1076-77 (9th Cir. 2005).

Under the incorporation by reference doctrine, the Court may, on a motion to dismiss, consider documents that are "referred to in the plaintiff's complaint and are central" to plaintiff's claims. *Baxter v. Intelius, Inc.*, No. SACV09-1031, 2010 U.S. Dist. LEXIS 104218 (C.D. Cal. Sept. 16, 2010). As recently noted in *Said v. Encore Senior Living LLC*, EDCV 11-01033, 2012 U.S. Dist. LEXIS 23944 (C.D. Cal. Feb. 24, 2012) ("*Said*"), "the Ninth Circuit has 'extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the documents are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.'" *Id.* (*citing Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). The Court is permitted to assume as true the contents of such a document offered by the defendant and "treat such a document as part of the complaint" if "the plaintiff refers extensively to the document or the document forms

the basis of the plaintiffs claim." *Id.*; *see Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). This exception "[p]revent[s] Plaintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based," *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (citation omitted). Documents considered by the court as incorporated by reference are assumed to be true, and a court should ignore allegations contained in a complaint which contradict such documents. *See Watermark Granite La Quinta, LLC v. American International Specialty Lines Ins. Co.*, No. 10cv1011-L, 2011 U.S. Dist. LEXIS 54835, at *10 (S.D. Cal. May 23, 2011) (court need not assume truthfulness of allegations contradicted by documents).

In *Said*, plaintiff employee sued defendant employer for breach of contract and other claims because defendant employer garnished plaintiff's entire take home pay, vacation time and money allocated for healthcare after receiving a wage garnishment letter ("WGL") from the IRS. *Said*, *supra*, 2012 U.S. Dist. LEXIS 23944 at *2. The WGL stated that "[t]his levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated." *Id*. Without attaching the WGL to the complaint, Plaintiff alleged defendant ignored the IRS's schedule for wage garnishment. *Id*. at *3. Plaintiff alleged that the IRS was only entitled to the take home pay, but defendant also improperly gave the IRS her vacation time and healthcare allocations. *Id*. at *9. On its motion to dismiss, defendant attached the WGL as an exhibit and contended that plaintiff's vacation time and healthcare funds are "wages" that may be garnished. *Id*. at *10. The Court considered the WGL over plaintiff's objections because plaintiff had alleged the contents of the letter in her complaint and necessarily relied on it in asserting that defendant failed to follow the WGL's instructions when garnishing her wages. *Id*. at *9. The Court granted defendant's motion to dismiss with prejudice and did not convert it to a motion for summary judgment. *Id*. at *18.

1    As the court in *Said* did, the Court here must also consider the exhibits attached

2  to GFI's RJN as they are referenced in Micro-Tender's Counterclaim (*see*

3  Counterclaim, ¶8) and reflect the accurate USPTO records that confirm the License

4  Agreement is terminated and unlawful, as further argued below.

5    **C.**    **Micro-Tender's Single Claim for Breach of Contract Against GFI**

6           **Fails As There Is No Existing Agreement For Which Micro-Tender**

7           **Is Entitled To Royalties**

8    To state a claim for breach of contract, a plaintiff must allege: (1) the existence

9  of a contract; (2) plaintiff's performance or excuse for nonperformance; (3)

10  defendant's breach; and (4) resulting damage to the plaintiff.  *Mammoth Lakes Land*

11  *Acquisition, LLC v. Town of Mammoth Lakes*, 191 Cal. App. 4th 435, 463 (2011).

12  Here, Micro-Tender has neither pled an existing contract, GFI's breach, or any

13  resulting damage to Micro-Tender.

14    First, while the License Agreement existed from the date it was entered, April

15  30, 2004, to the date the last Licensed Patent expired, December 10, 2012, the License

16  Agreement does not exist today, nor did it exist in February, March, April, May 2015

17  – the months for which Micro-Tender is suing GFI for purportedly underpaying

18  royalties.  Micro-Tender is well aware of this as the USPTO records plainly state that

19  the Patent No. US6814989 B2 expired on December 12, 2012 for failure to pay

20  maintenance fees and the application to revive Patent No. US 7250184, which expired

21  on August 29, 2011, was denied in January of 2015.  *See* RJN at ¶¶1-2, Exs. 1-2.  And

22  as the U.S. Supreme Court just affirmed as of the morning of the filing of this Motion,

23  licenses requiring royalty payments for the use of a patent after the patent expires are

24  *per se unlawful*.  *Kimble et al. v. Marvel Enterprises Inc.,* 576 U.S. __, No. 13-720,

25  slip op. at pg. 4-5 (U.S. June 22, 2015); *see also Brulotte v. Thys Co.,* 379 U. S. 29

26  (1964).  Accordingly, Micro-Tender has failed to allege the first and essential element

27  of a breach of contract claim – the existence of the contract itself.

28  / / /

1   Second, without any valid underlying Licensed Patents to serve as the basis for

2   the License Agreement, there were no patents that were capable of being licensed to

3   GFI, and therefore GFI was not obligated to pay royalties for non-existent intellectual

4   property under a non-existent License Agreement.  As GFI was not obligated to pay

5   royalties, no breach could have been made by GFI for not paying $20,000.00 to

6   Micro-Tender in the months of February, March, April and May 2015.

7   Third, and finally, as GFI has no obligation to pay royalties in the months of

8   February, March, April, May 2015, Micro-Tender was not entitled to such payments.

9   Accordingly, Micro-Tender was not damaged in any fashion.  It cannot, therefore,

10  state the last element of a breach of contract claim.

11  Simply stated, Micro-Tender is suing for royalties on a contract that not only

12  expired over two years ago, but one that the U.S. Supreme Court has held is *per se*

13  *unlawful*.  Micro-Tender was aware the contract had expired, and admits as much in

14  its Counterclaim.  Yet, Micro-Tender filed this meritless and false Counterclaim for

15  the sole purpose of distracting from the claims against Micro-Tender and its principal,

16  Mr. Teran, and to give facially specious credence to Micro-Tender's otherwise

17  disingenuous and meritless Motion to Disqualify.  Micro-Tender's Counterclaim

18  should be dismissed with prejudice for all of these reasons.

19  **IV.   CONCLUSION**

20  For the foregoing reasons, GFI respectfully requests that the Court enter an

21  order dismissing Micro-Tender's Counterclaim in its entirety.

22
23  DATED:  June 22, 2015                    BLANK ROME LLP

24                                           By: /s/ Cheryl S. Chang
25                                               Mark S. Greenfield
                                                 Cheryl S. Chang
26                                               Jessica A. McElroy
                                             Attorneys for Plaintiff
27                                           GLOBAL FOOD INNOVATIONS, INC.

28

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

     On June 22, 2015, I served the foregoing document described as: **PLAINTIFF GLOBAL FOOD INNOVATIONS, INC.'S MOTION TO DISMISS DEFENDANT MICRO-TENDER'S COUNTERCLAIM** on the parties in this action by serving:

**Jack Wise**
**375 West Bedford Ave., Suite 101**
**Fresno, CA 93711**
**Telephone: 559-281-1884**
**Email: jack_oromundo@yahoo.com**

☒    **By Envelope** - by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as below and delivering such envelopes:

☒    **By Mail**: As follows:  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **By Federal Express**: I caused the envelope(s) to be delivered to the Federal Express office at 1925 Century Park East, 19th Fl., Los Angeles, California 90067, on June 22, 2015, for delivery on the next-business-day basis to the offices of the addressee(s).

     **By E-Mail Electronic Transmission**:   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    Executed on June 22, 2015, at Los Angeles, California.

☒    **FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Leigh-Anne Locke_
Leigh-Anne Locke