1  Douglas J. Rovens (SBN 106582)
2  drovens@rovenslamb.com
   Steven A. Lamb (SBN 132534)
3  slamb@rovenslamb.com
4  ROVENS LAMB LLP
   1500 Rosecrans Avenue, Suite 418
5  Manhattan Beach, California 90266
6  Telephone:  310.536.7830
   Facsimile:  310.872.5489
7
8  Attorneys for Defendant and Counterclaimant
   MICRO-TENDER INDUSTRIES, INC.
9
10
         IN THE UNITED STATES DISTRICT COURT
11
         FOR THE CENTRAL DISTRICT OF CALIFORNIA
12
13
14
15  GLOBAL FOOD INNOVATIONS,          Case No: 2:15-cv-00881 FMO (AGRx)
    INC., a Delaware Corporation,
16                                     Hon. Fernando M. Olguin
                      Plaintiff,
17                                     **OPPOSITION BY MICRO-
          vs.                          TENDER INDUSTRIES, INC. TO
18  WESTERN PROPERTY                   GLOBAL FOOD INNOVATION,
    MANAGEMENT, LLC, a Nevada          INC.'S MOTION TO DISMISS
19  limited liability company; MARC    COUNTERCLAIM**
    MIRO, an individual; JACK WISE, an
20  individual; JEFFREY COVEY, an      [Declaration of Douglas J. Rovens
    individual; GERALD NORMAN, an      Filed Concurrently]
21  individual; JAMES TERAN, an
    individual; SOLID GOLD FOODS,
22  INC., a Delaware corporation;      Date:          July 30, 2015
    COMMERCIAL INTERNATIONAL           Time:          10:00 a.m.
23  CORPORATION, a Delaware            Courtroom:  22 (5th Floor)
    corporation; MICRO-TENDER
24  INDUSTRIES, INC., a Delaware       Complaint Filed:  February 6, 2015
    corporation; and DOES 1 through 10, FAC Filed:  April 24, 2015
25  inclusive,                         Trial Date:  May 17, 2016
26                     Defendants.
27
28

1

## **TABLE OF CONTENTS**

2 I.    INTRODUCTION ......................................................................................1

3 II.   THE COURT SHOULD DENY PLAINTIFF'S MOTION AS
       PROCEDURALLY DEFICIENT BECAUSE PLAINTIFF'S COUNSEL
4      VIOLATED LOCAL RULE 7-3 AND FILED ITS ANSWER TO THE
       COUNTERCLAIM AT THE SAME TIME IT FILED ITS MOTION IN
5      VIOLATION OF FED. R. CIV. P. 12 .........................................................2

6      A.    Plaintiff Violated The Meet and Confer Requirements of Local
             Rule 7-3 ..........................................................................................2
7
       B.    Plaintiff Violated Fed. R. Civ. P. 12 (b) By Filing Its Motion To
8            Dismiss At The Same Time It Answered Micro-Tender's
             Counterclaim ...................................................................................4
9
10 III.  THE MOTION TO DISMISS FAILS TO ESTABLISH ANY BASIS
        FOR DISMISSAL OF THE COUNTERCLAIM ......................................4

11     A.    Relevant Facts ................................................................................4

12     B.    Standard of Review .........................................................................5

13     C.    GFI Fails To Show Any Defect In The Counterclaim On The Basis
             That The Patent Agreement Is "Illegal"..........................................6
14
15           1.    *The Patent Agreement Is Not "Per Se Unlawful" Because
                   Under The Patent Code The Pork Tenderization Patent Was
                   Enforceable During The Gap Period Prior To The USPTO's*
16                 *Acceptance Of Late Payment of Maintenance Fees*....................6

17           2.    *Plaintiff Cannot Now Contend That The Patent Agreement Is
                   Unenforceable Because Of The Alleged Failure To Pay*
18                 *Maintenance Fees* .........................................................................8

19     D.    Plaintiff's Motion Ignores That Even If The Patent Agreement Was
             "Per Se Unlawful" After 2012, Which Was Not, Micro-Tender's
20           Counterclaim Still Survives Dismissal ...........................................10

21 IV.   IF THE COURT IS INCLINED TO GRANT THE MOTION, MICRO-
        TENDER REQUESTS LEAVE TO AMEND................................................10
22
   V.    CONCLUSION .........................................................................................11
23
24

25

26

27

28

i

1

## **TABLE OF AUTHORITIES**

2

### **Cases**

3

*Ashcroft. v. Iqbal* (2009) 556 U.S. 662.................................................................................6

4

*Beery v. Hitachi Home Electronics (America), Inc.*

5

  (C.D.  Cal. 1993) 157 F.R.D. 477...............................................................................4

6

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544.............................................................6

7

*Brown v. Elec. Arts, Inc.* (9th Cir. 2013) 724 F.3d 1235................................................5

8

*Brulotte v. Thys Co.* (1964) 379 U.S. 29 ..................................................................8, 10

9

*Cahill v. Liberty Mut. Ins. Co.* (9th Cir.1996) 80 F.3d 336...........................................5

10

*Chang v. Chen* (9th Cir.1996) 80 F.3d 1293 ..................................................................6

11

*Conley v. Gibson* (1957) 355 U.S. 41.............................................................................6

12

*Davis v. Chase Bank U.S.A.* (C.D. Cal. 2009) 650 F. Supp. 2d 1073 .......................10

13

*Kimble v. Marvel Entertainment, LLC*

14

  (S. Ct. – No. 13-720, 2015 WL 2473380, *10 (June 22, 2015) .........................8, 10

15

*Lizalde v. Advance Planning Serv's, Inc.*

16

  (S.D. Cal. 2012) 875 F.Supp.2d 1150 .......................................................................9

17

*Owens v. County of Los Angeles* (2013) 220 Cal.App.4th 107 ...................................8

18

*Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F.3d 696...........................................................5

19

*Ross v. Pioneer Life Ins. Co.* (C.D. Cal. 2008) 545 F. Supp. 2d 1061 ......................10

20

21

### **Statutes**

22

35 U.S.C 41(c) ..................................................................................................................7

23

Fed. R. Civ. P. 12(b)(6) ...............................................................................................3, 4

24

25

### **Rules**

26

USDC Calif. Local Rule 7-3...........................................................................................2, 3

27

28

ii

1    **I.      INTRODUCTION**

2          The Motion by plaintiff Global Food Innovations, Inc. ("Plaintiff" or "GFI")

3    to Dismiss Micro-Tender, Inc.'s Counterclaim is deficient in all respects.  Plaintiff

4    failed to comply with the meet and confer requirements of Local Rule 7-3, and then

5    filed the Motion concurrently with its answer to Micro-Tender's counterclaim in

6    violation of Federal Rule of Civil Procedure 12.  These defects alone justify the

7    Court's denial of the Motion.   In addition, even if the Court considers the

8    improperly filed Motion, the result still should be denial of the Motion because

9    Plaintiff fails to show any basis for the Court to dismiss the Counterclaim.

10          First, Plaintiff's Motion is deficient because GFI's sole argument that the

11   patent license agreement between Micro-Tender and GFI ("Patent Agreement") is

12   "per se unlawful," is contrary to the provisions of the Patent Code (Title 35 of the

13   United States Code) and not justified under the Supreme Court precedent cited in its

14   Motion.   Second, the Motion fails to come to grips with the facts that (1) Plaintiff

15   used and relied on the license granted in the Patent Agreement and (2) sued Micro-

16   Tender for relief under the very agreement it now seeks to claim is "unlawful."

17   Third, even if the Court was to determine that the Patent Agreement was "per se

18   unlawful" after December 2012, the Counterclaim still states a claim for breach of

19   contract because Micro-Tender alleges that Plaintiff periodically failed to make the

20   required royalty payments between 2004 and 2015, when Plaintiff sued Micro-

21   Tender. The Court should deny Plaintiff's Motion to Dismiss.

22

23

24

25

26

27

28

1
2
3
4

**II.    THE COURT SHOULD DENY PLAINTIFF'S MOTION AS PROCEDURALLY DEFICIENT BECAUSE PLAINTIFF'S COUNSEL VIOLATED LOCAL RULE 7-3 AND FILED ITS ANSWER TO THE COUNTERCLAIM AT THE SAME TIME IT FILED ITS MOTION IN VIOLATION OF FED. R. CIV. P. 12**

5
6

**A.    Plaintiff Violated The Meet and Confer Requirements of Local Rule 7-3**

7       Local Rule 7-3 of the Central District of California requires attorneys to meet

8  and confer about anticipated motions at least 7 days in advance of filing the motion:

9
10
11
12

> L.R. 7-3 Conference of Counsel Prior to Filing of Motions. In all cases . . . counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion.

13

14      Plaintiff's counsel claims that it satisfied this requirement because on June 8,

15  2015, counsel "discussed a proposed mutual dismissal and tolling agreement" to

16  which counsel for Micro-Tender never responded and then requested to complete a

17  conference on June 18, 2015.  (Notice of Motion at i:17- ii:3.)  The communications

18  described in Plaintiff's Motion, however, did not satisfy the Local Rule.

19      On June 18, 2015, the very day GFI's response to Micro-Tender's

20  Counterclaim was due, Plaintiff's counsel requested an extension within which to

21  file GFI's responsive pleading.  In connection with GFI's requested extension,

22  Plaintiff's counsel concealed its intention to file a motion to dismiss. [Declaration

23  of Douglas J. Rovens ("Rovens Decl.") ¶ 4.]  This was the second extension

24  provided by Micro-Tender's counsel.  In connection with the initial extension,

25  Micro-Tender's counsel inquired whether GFI intended to file a motion to dismiss

26  the Counterclaim and was told that GFI had not made a decision in that regard.

27  (Rovens Decl. ¶ 3.)

28

1       The first mention ever by Plaintiff's counsel of a motion to dismiss was in an

2   email *after* Plaintiff's counsel secured a second extension.  Plaintiff's counsel sent a

3   draft stipulation to extend the time to respond to the Counterclaim from June 18

4   until June 22, 2015, and in that email asked for a Local Rule 7-3 meeting to discuss

5   a motion to dismiss the Counterclaim.  The request to meet and confer late in the

6   afternoon on Thursday, June 18, 2015, after securing the second extension certainly

7   clearly was untimely because GFI''s responsive pleading was due the following

8   Monday, June 22, 2015, and Plaintiff's counsel had no excuse for the delay.

9   Plaintiff's counsel's securing of an extension to respond to Micro-Tender's

10  Counterclaim on the day it was due, without also disclosing to Micro-Tender's

11  counsel that GFI intended to file a motion to dismiss, was dissembling.  (Rovens

12  Decl. ¶ 5.)    Micro-Tender's counsel promptly notified Plaintiff's counsel that

13  pursuant to Local Rule 7-3 any meeting to discuss GFI's motion to dismiss should

14  have occurred the prior Monday and to request such a meeting late Thursday

15  afternoon when GFI's responsive pleading would have been due that same day, but

16  for the extension to which Micro-Tender's counsel had just agreed, was not proper.

17  With respect to the proposed "mutual dismissal and tolling agreement," which

18  Plaintiff's counsel claims was the initiation of a Local Rule 7-3 meeting, Plaintiff's

19  attorneys never mentioned that GFI intended to file a motion to dismiss, or asserted

20  that Micro-Tender's breach of contract claim was deficient as pled.  (Rovens Decl.

21  ¶¶ 5, 6.)   Therefore, that proposal was totally unrelated to any motion to dismiss the

22  Counterclaim.  The Court should deny the motion for failing to comply with Local

23  Rule 7-3.

24

25

26

27

28

**B.** **Plaintiff Violated Fed. R. Civ. P. 12 (b) By Filing Its Motion To Dismiss At The Same Time It Answered Micro-Tender's Counterclaim**

At Plaintiff's counsel's request, Micro-Tender's counsel granted two extensions for Plaintiff to respond to Micro-Tender's Counterclaim. The second extension required Plaintiff to respond to the Counterclaim by June 22, 2015. (Rovens Decl. ¶ 2.) On June 22nd Plaintiff filed both a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 78) and an answer with affirmative defenses to the Counterclaim (Doc. No. 80).

Plaintiff, however, was required to file its motion to dismiss in lieu of its answer. Fed. R. Civ. P. 12 (b) provides that certain defenses, including a Rule 12(b)(6) failure to state a claim defense, must be asserted as an affirmative defense in a responsive pleading (if one is required), or at the election of the party, such defenses may be made by motion. If, however, a party elects to make a 12(b) motion, such "motion asserting any of these defenses must be made before pleading . . . [1]" This means that a party cannot answer a pleading then make a Fed. R. Civ. P. 12(b)(6) motion as Plaintiff has done here. Therefore, Plaintiff's motion should be denied as untimely.

**III.** **THE MOTION TO DISMISS FAILS TO ESTABLISH ANY BASIS FOR DISMISSAL OF THE COUNTERCLAIM**

**A.** **Relevant Facts**

Although Plaintiff's case summary recites several pages of allegations and procedural history, the pertinent allegations of the Counterclaim necessary for the Court's consideration of the Motion are few and simple:

---

[1] The Motion was filed in contravention of "the law of the 9th Circuit" requiring a motion to dismiss to be filed before an answer. *Beery v. Hitachi Home Electronics (America), Inc.* (C.D. Cal. 1993) 157 F.R.D. 477, 479.

4

1    •       On or about April 30, 2004, Micro-Tender and GFI entered into an

2    agreement licensing certain patents for the tenderization of meat, pork, and poultry

3    for use by GFI (the "Patent Agreement").  [Counterclaim ¶ 5 (Doc. No. 52).]

4    •       Included among the licensed patents was patent number: US6814989

5    B2 ("Pork Tenderization Patent").  (*Id.*)

6    •       Section 3.1(b) of the Patent Agreement requires GFI to pay Micro-

7    Tender a monthly royalty payment for the entire term of the agreement.  (*Id.* ¶ 6.)

8    •       The Patent Agreement expired upon the "termination of the Agreement

9    or the expiration of the last to expire of the Licensed Patents."  (*Id.* ¶ 8.)

10   •       The Pork Tenderization Patent is not expired and is still a live,

11   enforceable patent.  [*Id.* and GFI's Request for Judicial Notice ("RJN") (Doc. No.

12   79) at Ex. 1.]  US6814989 B2 expired for non-payment of fees in 2012, but was

13   revived when the late payment of fees was accepted by the USPTO in October 2014.

14   (RJN, at Ex. 1.)

15   •       GFI periodically failed to make the minimum royalty payments under

16   the Patent Agreement between 2004 and 2015.  (*Id.* ¶ 11.)

17   •       GFI entirely ceased to make royalty payments after January 2015. (*Id.* ¶

18   10.)

19   **B.     Standard of Review**

20   In ruling on a motion to dismiss under Rule 12(b)(6), the Court must assume

21   the truth of all factual allegations and must construe them in the light most favorable

22   to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.* (9th Cir.1996) 80 F.3d 336,

23   337-38.  The Court also must accept as true all reasonable inferences to be drawn

24   from the material allegations in the complaint. *See Brown v. Elec. Arts, Inc.* (9th Cir.

25   2013) 724 F.3d 1235, 1247-48; *Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F.3d 696,

26   699.  Rule 8(a)(2) requires only "a short and plain statement of the claim showing

27   that the pleader is entitled to relief" in order to "give the defendant fair notice of

28

5

1    what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

2    *Twombly* (2007) 550 U.S. 544, 555 (quoting *Conley v. Gibson* (1957) 355 U.S. 41,

3    47). A claim has "facial plausibility when the plaintiff pleads factual content that

4    allows the court to draw the reasonable inference that the defendant is liable for the

5    misconduct alleged." *Ashcroft. v. Iqbal* (2009) 556 U.S. 662, 678. "The plausibility

6    standard is not akin to a 'probability requirement,' but it asks for more than a sheer

7    possibility that a defendant has acted unlawfully." *Id*.

8        Additionally, where a motion to dismiss is granted, a district court should

9    provide leave to amend unless it is clear that the complaint could not be saved by

10   any amendment. *See Chang v. Chen* (9th Cir.1996) 80 F.3d 1293, 1296.

11       **C.**     **GFI Fails To Show Any Defect In The Counterclaim On The Basis**

12              **That The Patent Agreement Is "Illegal"**

13        The solitary basis for Plaintiff's motion to dismiss is its contention that as of

14   December 10, 2012, the Patent Agreement expired because the Pork Tenderization

15   Patent expired; and, as a result, the Patent Agreement became "*per se unlawful*."

16   The Motion fails to make this showing and, moreover, is inconsistent with the

17   parties' conduct under the Patent Agreement.

18
19            ***1. The Patent Agreement Is Not "Per Se Unlawful" Because Under***
20                ***The Patent Code The Pork Tenderization Patent Was Enforceable***
               ***During The Gap Period Prior To The USPTO's Acceptance Of***
21                ***Late Payment of Maintenance Fees***

22        There is no basis to hold the Patent Agreement unlawful. The Patent Code

23   provides that Plaintiff could rely on, use, and enforce the Pork Tenderization Patent

24   during the period between the due date for which maintenance fees were not paid

25   and when the United States Patent and Trademark Office ("USPTO") accepted the

26   late payment of fees.

27

28

1    35 U.S.C 41(c)(1) provides that the USPTO "may accept the payment of any

2  maintenance fee required by subsection (b) after the 6-month grace period if the

3  delay is shown to the satisfaction of the Director to have been unintentional. . ."

4  Subsection (c)(2) provides that if such late payment is accepted after the "6-month

5  grace period,"  the patent remains enforceable and protectable during entire period :

> . . . A patent, the term of which has been maintained as a result of the acceptance of a payment of a maintenance fee under this subsection, shall not abridge or affect the right of any person or that person's successors in business who made, purchased, offered to sell, or used anything protected by the patent within the United States, or imported anything protected by the patent into the United States after the 6-month grace period but prior to the acceptance of a maintenance fee under this subsection, to continue the use of, to offer for sale, or to sell to others to be used, offered for sale, or sold, the specific thing so made, purchased, offered for sale, used, or imported.  The court before which such matter is in question may provide for the continued manufacture, use, offer for sale, or sale of the thing made, purchased, offered for sale, or used within the United States, or imported into the United States, as specified, or for the manufacture, use, offer for sale, or sale in the United States of which substantial preparation was made after the 6-month grace period but before the acceptance of a maintenance fee under this subsection, and the court may also provide for the continued practice of any process that is practiced, or for the practice of which substantial preparation was made, after the 6-month grace period but before the acceptance of a maintenance fee under this subsection, to the extent and under such terms as the court deems equitable for the protection of investments made or business commenced after the 6-month grace period but before the acceptance of a maintenance fee under this subsection.

In short, in this case, during the period from December 10, 2012, until October 7,

2014, Plaintiff was entitled to "ma[k]e, purchase[], offer[] to sell, or use[] anything

protected by the [Pork Tenderization Patent] within the United States. . ."  as it did

1   under the Patent Agreement because the PTO accepted the late payment of fees for

2   maintenance of the Pork Tenderization Patent on October 7, 2014. [RJN (Doc. 79)

3   Ex. 1.]  Plaintiff cannot both rely on the continued validity of the Pork Tenderization

4   Patent to make, purchase, offer, sell, or use products licensed under the Patent

5   Agreement, while at the same time disaffirming the term of the Patent Agreement to

6   avoid paying the royalties due.

7        *Kimble v. Marvel Entertainment, LLC* (S. Ct. – No. 13-720, 2015 WL

8   2473380, *10 (June 22, 2015) ("*Marvel*"), on which Plaintiff relies, does not change

9   this analysis or result.  *Marvel* and its predecessor in the Supreme Court, *Brulotte v.*

10  *Thys Co.* (1964) 379 U.S. 29, hold "that post-patent royalty contracts are

11  unenforceable. . ."  *Marvel* *10.  *Marvel* confirmed, through a grant of declaratory

12  relief, that the term of a royalty agreement for a patent could not be continued past

13  the patentable life of the patent subject to the agreement.  By contrast neither

14  *Marvel*, *Brulotte*, nor the published decisions in between address themselves to the

15  facts of this case:  namely, a licensee's attempt to cut short the term of a patent

16  agreement because of a failure to pay maintenance fees for an otherwise enforceable

17  and protectable patent, *after* the patent was properly revived under the Patent Code.

18  The Patent Agreement is not "a post-patent royalty contract" proscribed by *Brulotte*

19  and its progeny because the Pork Tenderization Patent is an enforceable patent, and

20  has been so for the entire period since the beginning of the Patent Agreement.  For

21  this reason alone, Plaintiff's Motion to Dismiss should be denied.

22
23        ### 2.  *Plaintiff Cannot Now Contend That The Patent Agreement Is Unenforceable Because Of The Alleged Failure To Pay Maintenance Fees*
24

25       In addition to the fact that Plaintiff's Motion to Dismiss is contradicted by the

26  express provisions of the Patent Code, Plaintiff's Motion is contradicted by its own

27  conduct, including the allegations of its breach of contract claim in the original and

28
                                          8

1  First Amended Complaint.  Plaintiff cannot profit from two "totally inconsistent"

2  positions taken with respect to the Patent Agreement.  *See e.g. Owens v. County of*

3  *Los Angeles* (2013) 220 Cal.App.4th 107, 121 (discussing elements of judicial

4  estoppel).  Attempting to avoid Micro-Tender's meritorious Counterclaim, however,

5  Plaintiff has done exactly that.

6        First, Plaintiff expressly alleges in the First Amended Complaint (and in its

7  original complaint) that, consistent with Micro-Tender's disclaimer of responsibility

8  for paying maintenance fees under Section 5.2 of the Patent Agreement, it undertook

9  to pay the "maintenance fees associated with the  patents" *See e.g.* FAC ¶ 46 (Doc.

10  No. 45).  Now, in light of Plaintiff's failure to timely pay sufficient maintenance

11  fees to maintain all the licensed patents, Plaintiff seeks to capitalize on its failure by

12  avoiding its obligations under its contract with Micro-Tender.  Such conduct is

13  clearly inconsistent with the established expectations of the parties and Plaintiff

14  cannot profit from it.

15        Second, Plaintiff's First Amended Complaint also expressly alleges and seeks

16  to recover under a term of the Patent Agreement that it deliberately misread to

17  impose a duty on Micro-Tender to pay maintenance fees.  FAC ¶¶ 133-136 (Doc.

18  No. 45).  Putting aside that Plaintiff's First Amended Complaint is subject to

19  dismissal because no such duty existed under the plain language of the Patent

20  Agreement – the position that it can sue under the Patent Agreement is totally

21  inconsistent with the position in the Motion that the Patent Agreement is "per se

22  unlawful."  (Motion Part C.)

23        In any event, even if the Court decides this is an issue of how and whether the

24  Patent Agreement should be interpreted and enforced, on a motion to dismiss a

25  district court does not "definitively interpret the contracts or identify any

26  ambiguities that might [] require the introduction of extrinsic evidence." *Lizalde v.*

27  *Advance Planning Serv's, Inc.* (S.D. Cal. 2012) 875 F.Supp.2d 1150, 1161 & n.7;

28

9

1    *Davis v. Chase Bank U.S.A.* (C.D. Cal. 2009) 650 F. Supp. 2d 1073, 1088  (finding

2    plaintiff stated claim for breach of contract sufficient to survive motion to dismiss).

3    **D.    Plaintiff's Motion Ignores That Even If The Patent Agreement**

4    **Was "Per Se Unlawful" After 2012, Which It Was Not, Micro-**

5    **Tender's Counterclaim Still Survives Dismissal**

6         Plaintiff's Motion inappropriately assumes that the breach of contract claim

7    only addresses itself to Plaintiff's failure to make payments from February 2015 to

8    the present.  (*See* Motion *passim*.)   The Counterclaim also alleges, however, that

9    Plaintiff failed to make the royalty payments due under the Patent Agreement

10   between 2004 and 2015.  Counterclaim ¶ 11 (Doc. No. 52).  Thus, even if Plaintiff is

11   correct about the effect of *Brulotte* and *Marvel* on the Patent Agreement, which it is

12   not, Micro-Tender still is owed all missed royalty payments due between May 2011

13   and December 2012.   Plaintiff simply has ignored this point and, thus, fails to

14   establish any basis for granting its Motion to Dismiss.

15   **IV.   IF THE COURT IS INCLINED TO GRANT THE MOTION, MICRO-**

16   **TENDER REQUESTS LEAVE TO AMEND**

17        In the Ninth Circuit, "[l]eave to amend is liberally allowed."  *Ross v. Pioneer*

18   *Life Ins. Co.* (C.D. Cal. 2008) 545 F. Supp. 2d 1061, 1064.   In this case, Micro-

19   Tender should be given the opportunity to file an amended counterclaim as a matter

20   of course because Micro-Tender has not yet amended.  Moreover, leave to amend is

21   justified  in light of the fact that Micro-Tender will be able, as appropriate, to allege

22   additional facts regarding (a) GFI's use and reliance on the enforceability of the

23   Pork Tenderization Patent throughout the life of the Patent Agreement, including

24   between 2012 and 2015; (b) its breach of the covenant of good faith and fair dealing

25   by failing to pay patent maintenance fees; (c) the course of the parties' dealings

26   regarding maintenance payments for the licensed patents; and (d) more specific facts

27

28
                                          10

1    about the dates and time Plaintiff failed to make royalty payments in the period

2    between May 2011 and December 2012.

3    **V.**     **CONCLUSION**

4       Because Plaintiff failed to meet its burden to show a basis to dismiss Micro-

5    Tender's Counterclaim under the Patent Agreement, the Patent Code, or the claims

6    as pled in the Counterclaim, the Court should deny the Motion.  Alternatively,

7    Micro-Tender should be allowed leave to amend.

8

9    Dated:  July 9, 2015                    ROVENS LAMB LLP

10

11                              By:   _/S/  Douglas J. Rovens_
                                 DOUGLAS J. ROVENS

12                                  Attorneys    for    Defendant    and
                                 Counterclaimant MICRO-

13                                  TENDER INDUSTRIES, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

*Global Food Innovations, Inc. v. Western Property Management, LLC, et al.*
USDC, Central District of California, Western Division
Case No. 2:15-cv-00881-FMO-AGR

STATE OF CALIFORNIA            )
                              )
COUNTY OF LOS ANGELES          )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1500 Rosecrans Avenue, Ste. 418, Los Angeles, California 90266.

On July 9, 2015, I served the following document(s): **OPPOSITION BY MICRO-TENDER INDUSTRIES, INC. TO GLOBAL FOOD INNOVATION, INC.'S MOTION TO DISMISS COUNTERCLAIM** on the interested parties on the attached service list as follows:

**(X)     BY U.S. MAIL (indicated parties only):**  I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  I caused the above-referenced document to be mailed to counsel at the addresses listed above.

**(  )     (BY ELECTRONIC MAIL):**  I hereby certify that I served the above-described document on the interested parties in this action by attaching an electronic copy of that document to an e-mail addressed to the parties listed herein at their most recent e-mail address of record in this action. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**(X)     CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

ROVENS LAMB LLP
1500 ROSECRANS AVENUE
SUITE 418
MANHATTAN BEACH, CA
90266

PROOF OF SERVICE

1

2

3

**( )**   **BY OVERNIGHT COURIER:**  I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express/California Overnight Courier), for delivery to the above address(es) and requested the delivery receipt.

4

5

**( )**   **BY FACSIMILE:**  I caused the above-referenced documents(s) to be transmitted to the noted addressee(s) at the fax number as stated.

6

7

    Executed on July 9, 2015 at Los Angeles, California.

8

9

**(X)**   **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

10

11

                    */S/ Tammy Cortez*
                      Tammy Cortez

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROVENS LAMB LLP
1500 ROSECRANS AVENUE
SUITE 418
MANHATTAN BEACH, CA
90266

**PROOF OF SERVICE**

1

## SERVICE LIST

2

*Global Food Innovations, Inc. v. Western Property Management, LLC, et al.*

3

4　Alan K. Steinbrecher                Attorneys for Plaintiff, Global Food
　　Geoffrey T. Stover                    Innovations, Inc.

5　STEINBRECHER & SPAN LLP

6　445 S. Figueroa St., Suite 2230
　　Los Angeles, CA 90071

7　asteinbrecher@steinbrecherspan.com
　　gstover@steinbrecherspan.com

8

9　Glenn J. Plattner                   Attorneys for Defendants, Western
　　Keith D. Klein                       Property Management, LLC and

10　David Harford                        Gerald Norman

11　BRYAN CAVE LLP

12　120 Broadway, Suite 300
　　Santa Monica, CA 90401

13　glenn.plattner@bryancave.com

14　keith.klein@bryancave.com
　　david.harford@bryancave.com

15

16　Aaron Berger                        Attorney for Defendant, Marc Miro
　　LAW OFFICES OF

17　AARON BERGER

18　4338 1-2 Laurel Canyon Blvd.
　　Studio City, CA 91604

19　airberger@gmail.com

20

21　David M. Berger                     Attorney for Defendant, Marc Miro
　　DAVID M. BERGER

22　LAW OFFICES
　　9430 Olympic Blvd., Suite 400

23　Beverly Hills, CA 90212

24

25　Jack Wise                           In Pro Per Defendant, Jack Wise
　　375 W. Bedford Ave., Suite 101

26　Fresno, CA 93711                    **SERVED BY MAIL ONLY**
　　jack_oromundo@yahoo.com

27

28

ROVENS LAMB LLP
1500 ROSECRANS AVENUE
SUITE 418
MANHATTAN BEACH, CA
90266

PROOF OF SERVICE

1

2     Byeongsook Seo                                    Attorney for Defendants, Solid Gold
      GORDON AND REES LLP                               Foods and James Teran
3     555 Seventeenth St., Suite 3400
      Denver, CO 80202
4     bseo@gordonrees.com

5     A. Louis Dorny                                    Attorney for Defendants, Solid Gold
      GORDON AND REES LLP                               Foods and James Teran
6     633 West Fifth St., 52nd Floor
      Los Angeles, CA 90071
7     ldorny@gordonrees.com

8

9     Jeff Reich, Esq.                                  Attorney for Defendant Jeffrey Covey
      The Reich Law Firm
10    8441 N. Millbrook Ave., Ste. 104
      Fresno, CA 93705
11    Phone: (559) 440-1191
      Fax: (559) 432-9092
12    Email: jreich@reichlaw.com

13

14    Shane Reich, Esq.
      The Reich Law Firm
15    8441 N. Millbrook Ave., Ste. 104              **SERVED BY MAIL ONLY**
      Fresno, CA 93705
16    Phone: (559) 440-1191
      Fax: (559) 432-9092
17

18

19

20

21

22

23

24

25

26

27

28

                                          PROOF OF SERVICE